IN THE UNITED STATED DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| BECKY CONNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:15-cv-03277-MDH |
| | ) |
| MINNESOTA LIFE INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's Motion to Remand (Doc. 10). Plaintiff filed suit in state court asserting breach of contract and vexatious refusal to pay after Defendant insurer allegedly denied coverage and refused to pay Plaintiff accidental death benefits under a policy of insurance. Plaintiff seeks to recover benefits under the policy as well as penalties and reasonable attorney fees pursuant to Mo. Rev. Stat. § 375.420.

Defendant removed the action to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Defendant's notice of removal states Plaintiff is a citizen of Missouri, Defendant is a citizen of Minnesota, and the amount in controversy exceeds $75,000 because benefits and penalties total $64,622.10 and a reasonable estimate of statutory attorney's fees totals $19,386.63. Plaintiff now moves to remand, arguing "Defendant has not come forward with specific facts or evidence to support its contention that a 'standard' fee of 30% is reasonable." In Defendant's suggestions in opposition to remand, Defendant cites case law demonstrating that federal courts in Missouri have utilized a 25% contingency fee in similar cases in order to estimate a reasonable attorney fee. Defendant further argues that an estimated attorney fee of only 16.1% would satisfy the jurisdictional threshold in this case.

Based on the foregoing, the Court finds Defendant has met its burden to show by a preponderance of the evidence that the amount in controversy exceeds the jurisdiction minimum. A defendant seeking removal must present "some specific facts or evidence demonstrating that the jurisdictional amount has been met[.]" *Hill v. Ford Motor Co.*, 324 F. Supp. 2d 1028, 1036 (E.D. Mo. 2004). Statutory attorney fees, like those awardable under Mo. Rev. Stat. § 375.420, "do count toward the jurisdictional minimum for diversity jurisdiction." *See Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001). Here, Defendant provides some specific facts/evidence to show a reasonable estimate of attorney fees would satisfy the jurisdictional minimum; specifically, Defendant presents a calculation that shows a mere 16.1% contingency fee award would place the amount in controversy over $75,000[1] and cites analogous case law that shows an attorney fee award based on a 25% contingency fee is considered reasonable in § 375.420 cases.[2] Accordingly, the Court finds Defendant has satisfied its burden to show the amount in controversy exceeds $75,000. *See generally Hoffmann v. Empire Mach. & Tools Ltd.*, No. 4:10-CV-00201-NKL, 2010 WL 2216631, at *2 (W.D. Mo. May 28, 2010)

---

[1] Plaintiff does not dispute that benefits and penalties in this case total $64,622.10. A 16.1% contingency fee based on damages of $64,622.10 totals $10,404, yielding a total amount in controversy of $75,026.25.

[2] *See, e.g., Peng Vang v. Mid-Century Ins. Co.*, No. 12-CV-01309-DGK, 2013 WL 626985, at *2 (W.D. Mo. Feb. 20, 2013) (holding $11,601 attorney fee award under § 375.420 reasonable in calculating amount in controversy where monetary request totaled $63,400); *Young v. State Farm Fire & Cas. Co.*, No. 4:08CV1891MLM, 2010 WL 173832, at *2 (E.D. Mo. Jan. 15, 2010) (holding $11,000 in attorney fees under § 375.420 is a reasonable estimate for amount in controversy where the other damages totaled $64,000); *Osia v. Mid-Century Ins. Co.*, No. 4:06CV658 CAS, 2006 WL 1523020, at *1 (E.D. Mo. May 30, 2006) (approving defendant's use of 25% contingency fee in § 375.420 case for calculating amount in controversy); *see also Harris v. TransAmerica Life Ins. Co.*, No. 4:14-CV-186 CEJ, 2014 WL 1316245, at *2 (E.D. Mo. Apr. 2, 2014) (collecting cases and finding amount in controversy was satisfied based on attorney fees of $11,050 under § 375.420 where calculation of damages and penalties totaled $63,950). Plaintiff also cited Eighth Circuit cases finding large attorney fee awards in vexatious refusal cases. *Tripp v. W. Nat. Mut. Ins. Co.*, 664 F.3d 1200, 1204 (8th Cir. 2011) (affirming award of $65,000 in attorney fees); *Bjornestad v. Progressive N. Ins. Co.*, 664 F.3d 1195, 1198 (8th Cir. 2011) (affirming award of $45,718.60 in attorney fees).

("defendants . . . have met their burden by offering evidence such as . . . damage recoveries in similar cases").[3]

In accordance with the above discussion, Plaintiff's Motion to Remand (Doc. 10) is hereby **DENIED**.

**IT IS SO ORDERED.**

Dated:   September 2, 2015                                             /s/ Douglas Harpool
                                                                                          **DOUGLAS HARPOOL**
                                                                                          **UNITED STATES DISTRICT JUDGE**

---

[3] Plaintiff did not present sufficient facts or evidence to show to a legal certainty that attorney fees in this case are unlikely to total approximately 16% or that Plaintiff's claim is otherwise for less than $75,000. *See Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 790 (8th Cir. 2012) ("Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount.").